**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 96-20851**
_____

**ADVANCE'D TEMPORARIES, INC.,**

**Plaintiff-Appellee,**

**VERSUS**

**A.L. EXPANSION INC., doing business as**
**Advanced Labor; ET AL,**

**Defendants,**

**A.L. EXPANSION INC., doing business as Advanced Labor;**
**GARY M. CATELLIER; CHRISTIAN BURGER; ADVANCED LABOR INC.;**
**ADVANCED LABOR OF ARIZONA INC.,**

**Defendants-Appellants.**

_____

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-5278)
_____
January 20, 1997

Before HIGGINBOTHAM, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Advance'd Temporaries, Inc. ("Advance'd Temporaries") brought

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

this suit under the Lanham Act, 15 U.S.C. § 1125, the TEX. BUS. & COM. CODE § 16.29, and Texas common law, seeking a permanent injunction against A.L. Expansion, Inc., d/b/a Advanced Labor, Gary M. Catellier, Christian Burger, Advanced Labor, Inc., and Advanced Labor of Arizona, Inc. (collectively "Advanced Labor") on the grounds that there was a likelihood of confusion between the respective service marks of these parties. Advance'd Temporaries also sought damages and attorneys' fees. The district court entered judgment denying Advance'd Temporaries any actual damages or attorneys' fees but granting permanent injunctive relief. Advanced Labor filed a timely notice of appeal. Finding no error, we AFFIRM the decision of the district court.

Advance'd Temporaries received trademark registration in the State of Texas for the mark "Advance'd Temporaries" and has been in the business of furnishing temporary employees to employers since 1978. Advanced Labor also received Texas trademark registration in the name "Advanced Labor" and began operating a temporary employment business competing with Advance'd Temporaries in Houston and San Antonio in 1995.

Advance'd Temporaries filed suit in federal court asserting three causes of action: (1) service mark infringement under the Lanham Act, 15 U.S.C. § 1125; (2) injury to business reputation under the TEX. BUS. & COM. CODE § 16.29; and (3) unfair competition under Texas common law. The district court consolidated Advance'd Temporaries' motion for preliminary injunction with the trial on

2

the merits pursuant to FED. R. CIV. P. 65(a)(2).  A bench trial ensued and the district court entered judgment imposing a permanent injunction against Advanced Labor enjoining them from using "Advanced Labor" or "Advanced Office" or any other service mark that uses the term "Advanced" in the states of Texas, Louisiana, Arkansas, Oklahoma, and New Mexico.

On appeal, Advanced Labor argues that the district court clearly erred in finding that there was a substantial likelihood of confusion between Advance'd Temporaries' and Advanced Labor's respective trademarks.  Advanced Labor contends that the district court failed to distinguish between the real confusion of potential customers, leading to the actual purchase by such customers of the services of the Advance'd Temporaries or Advanced Labor, and the anecdotal evidence of persons who testified that the confusion may lead to mistaken or ill-informed purchase of services.  Advanced Labor does not challenge the basic legal application of the Lanham Act by the district court.

The district court's opinion correctly sets out and applies the law in determining whether Advanced Temporaries' mark was protectable[1] and whether there is a likelihood of confusion as to source, affiliation, connection or sponsorship of services among

---

[1]  *Union Nat'l Bank of Texas, Laredo v. Union Nat'l Bank of Texas, Austin*, 909 F.2d 839, 844 (5th Cir. 1990) ("The threshold issue in any action for trademark infringement is whether the word or phrase is initially registerable or protectable.").

the relevant class of customers and potential customers.[2]  The district court then reviewed the seven factors used in determining whether a likelihood of confusion exists.[3]  The ultimate question to consider in reviewing these factors is whether consumers are likely to be confused.  *Society of Financial Examin.*, 41 F.3d at 228 n.15.  The court weighed these factors and determined that consumers were likely to be confused by the similarities in names, services, and advertising.  Further, the district court found that Advance'd Temporaries presented evidence that persons with whom it directly transacted business, as well as third parties, were actually confused.  *Fuji Photo Film Co., Inc. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 597 (5th Cir. 1985) (very little proof of actual confusion is necessary to show that a likelihood of confusion exists).

After reviewing the parties' briefs, the district court's

---

[2]  *Society of Financial Examin. v. National Ass'n of Certified Fraud Examin., Inc.*, 41 F.3d 223, 225 (5th Cir.) ("The gravamen for any action of trademark infringement or common law unfair competition is whether the challenged mark is likely to cause confusion."), *cert. denied*, 115 S. Ct. 2247 (1995).

[3]  The district court considered the following factors: (1) the type or strength of plaintiff's mark; (2) the degree of similarity between plaintiff's and defendant's marks; (3) the similarity between plaintiff's and defendant's goods or services; (4) the identity of plaintiff's and defendant's customers; (5) the similarity of plaintiff's and defendant's advertising; (6) the defendant's intent; and (7) the existence of actual confusion. *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1122 n.9 (5th cir. 1991) (citing *Roto-Rooter Corp. v. O'Neal*, 513 F. 2d 44, 45 (5th Cir. 1975)), *aff'd*, 505 U.S. 763 (1992).

4

opinion, and the record in this case, we are convinced that the district court correctly found that a substantial likelihood of confusion existed and, therefore, we AFFIRM the decision of the district court.

**AFFIRMED.**